# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JL DECORS, a limited liability company, assignee of DAFNA LEVI,<br><br>Plaintiff,<br><br>vs.<br><br>SCHUMACHER CARGO LOGISTICS, INC., a California corporation; and DOES 1 to 100,<br><br>Defendants. | CASE NO. 2:22-cv-05575-DSF-E<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION** |

On January 12, 2026, the third pretrial conference in this action took place via video conference.  Counsel for defendant SCHUMACHER CARGO LOGISTICS, INC. appeared.  No appearance was made on behalf of plaintiff JL DECORS.  The Court was advised of the apparent death of counsel of record for Plaintiff, attorney Richard L. Grant.  In addition, Defendant's counsel informed the Court of the apparent termination of Plaintiff as a business entity registered to do business in California.  The Court vacated the February 17, 2026 jury trial date and ordered counsel for Defendant to submit a proposal as to how the case should proceed.  (*See* ECF No. 50.)

Joint pretrial documents were due on December 29, 2025.  (ECF No. 48.) No documents were filed.  On December 31, 2025, the Court noted the lack of a filing as well as Plaintiff's responsibility to prosecute the case.  (ECF No. 49.) The Court ordered that if no proposed pretrial conference order was filed by January 8, 2026, the Court would consider imposing sanctions, including dismissal.  (*Id.*)  No such filing was made.  Although the failure to meet the post-December 12, 2025 deadlines is explained by the death of Plaintiff's counsel, these were not the only failures and delays attributable to Plaintiff – as described in further detail by Defendant's recent filing, *see* ECF No. 51, and the Court's docket.

Formal notice of the death of Plaintiff's counsel was provided to Plaintiff, Defendant, and the Court no later than January 27, 2026.  *See* ECF 51-1.

Given the foregoing, the history of the prosecution of this action from inception, as well as the facts of the recent death of Plaintiff's attorney and the terminated status of Plaintiff as a registered business entity in California having been established by the showing made by counsel for Defendant, the Court, in the interest of justice and fairness, orders Plaintiff to show cause through

counsel[1], in writing, no later than 45 days from the entry of this Order, why this case should not be dismissed for lack of prosecution.

The Court orders that this Order to Show Cause be served on Plaintiff at the email address provided on the Notice of Death of Counsel.  Richard Lewis Grant shall be terminated and the email address for JL Decors shall be added to the docket.

IT IS SO ORDERED.

Dated:    January 29, 2026

Dale S. Fischer
United States District Judge

---

[1] Even if Plaintiff were registered to do business in California, it would not be permitted to appear without counsel.  *See* Local Rule 83-2.2.2.

- 2 -